Our next case is Holloway v. Shinseki, number 13-7084. Mr. Carpenter, you may proceed. Please support Kenneth Carpenter appearing on behalf of Mr. Thomas Holloway. Mr. Holloway presents a question of law, two questions of law. The first is whether or not the Veterans Court failed to consider the controlling rule of law established by this court in Robinson v. Shinseki in reaching its decision not to consider the arguments in the first instance that were raised before the Veterans Court. They explicitly say they reviewed the record. I'm sorry? The court specifically says a review of the record reveals. So how are they violating Robinson? They didn't fail to consider it? I don't believe a generalized statement that the record was reviewed covers the intent of Robinson. Robinson's intent, the rule of law created in Robinson, which differs from Maget, which is a general proposition, is the specific proposition that if the issue that is presented for the first time is reasonably raised by the record. Now, that requires an analysis as to whether or not it was reasonably raised. There is no discussion in this decision about whether or not the issue was reasonably raised by the evidence of record. The lower court also relied on the fact that Mr. Holloway was represented by other counsel before the agency. That's specifically addressed in Robinson. That is not a consideration. The consideration is whether or not the issue is reasonably raised by the evidence. In this case, we're dealing with an initial rating assigned for a condition that does not have a diagnostic code to evaluate that condition. That implicates the provisions of 4.20, because you cannot rate this condition under the rating schedule of the VA because there is no available diagnostic code to rate this particular type of disability. Therefore, you have to look to whether or not the initial rating assigned in this case was properly assigned an analogous rating code. That issue was not raised before the agency. It was raised by Mr. Holloway before the Veterans Court. That is clearly within the expectation of Robinson and indicates that a direct appeal should be based on a liberal construction of the record, regardless of whether or not the veteran was represented by counsel. Can I ask you this? Yes. Have we actually said a liberal construction of the record as opposed to a liberal construction of the evidence? No, not of the evidence, but of the arguments made by. It seems to me it's really one thing as a practical matter to say, I read a brief, call it a brief, and I need to indulge all liberal interpretations of what might be being argued. It's another thing to say, here's the record. Your court, it's your job to scour the record and think of issues that aren't even hinted at in the arguments. That seems a quite different thing, and I'm not sure we've ever said that. Well, but I think there's also a distinction here, Your Honor, as to who's doing the reviewing. The reviewing under Robinson needs to be done by the board. The board needs to review all of the evidence of record for all of the issues that are reasonably raised by that record. In this case, as opposed to Robinson, which was a service connection issue, we're dealing with the rating assigned. Therefore, we have to be dealing with the diagnostic code that is used to evaluate that service-connected disability. So the examination by the board in the first instance has to go to whether or not the evidence reasonably raises an issue about how this matter should be evaluated under what diagnostic code. We pointed in the record in our briefs here and in our briefs below to the extensive list of references to Mr. Holloway's documented symptoms of pain, numbness, and tingling and weakness in his lower extremities. Those are the significant symptoms that were suffered by Mr. Holloway that needed to be evaluated. The question then becomes, was it correctly evaluated under the diagnostic code selected, or did, in fact, under 4.20, the board have an obligation to explain why they selected that diagnostic code over a diagnostic code that is based on injury as opposed to a diagnostic code that is based upon the residuals of a disease, which is the diagnostic code that was used in this case. I don't believe it's a question of the Veterans Court having to scour the record, because that was the issue that was presented by Mr. Holloway. Mr. Holloway presented to the court an issue of whether or not that was reasonably raised below by the evidence. The court chose not to do that because the court, relying on its discretion under Maget, said that it had the discretion not to hear an argument that was raised for the first time. Counselor, did Mr. Holloway challenge the diagnostic code before the board? No, Your Honor, he did not. That was the court's point below, that he relied upon his assertion that he was entitled to a higher rating based upon the diagnostic code that had been used by the VA in its original assignment and then relied upon by the board in assigning or affirming the rating that was initially assigned. Because it seems to me that Mr. Holloway argued first only about the size of the award. He wasn't challenging the diagnostic code itself. No, Your Honor, he was not. There's no question about that. We do not attempt to assert that below, before the agency, that Mr. Holloway and his counsel presented the issue that was presented to the Veterans Court about the selection of the diagnostic code, which diagnostic code should have been used. We argue that that was an issue that was reasonably raised by the evidence of record and based upon the applicable law, and the applicable law is 4.20, which says that they should choose an analogous diagnostic code. We challenged whether or not the diagnostic code relied upon was in fact analogous because it flows from the residuals of a disease as opposed to the residuals of an injury. Are you arguing that it doesn't matter what a veteran challenges or bases his case on as long as it's somewhere in the record and the board should have found it? In this non-adversarial system, that's correct, Your Honor, that it is not an issue of the way in which the matter is framed by the veteran because the board has an independent obligation under 7104A to consider and apply all relevant evidence and all applicable provisions of law and regulation. That's evidence. I think you're extending that to include legal argument or legal strategy. No, Your Honor, because of the second part of 7104A, which requires the board to consider all potentially applicable provisions of law and regulation. And 4.20 is a potentially applicable provision because they couldn't have gotten to the diagnostic code that they used without applying 4.20. And 4.20, under the Veterans Court's case law, requires that a statement be made as to the reasons for the selection of that particular diagnostic code and that was absent from the board's decision. That was the issue that was attempted to be presented by Mr. Holloway to the Veterans Court in the first instance. If I can turn quickly to the alternative argument, if the court determines that, as the government urges, that this is an issue of application of law to fact, then we urge the court to consider whether or not the decision below was in error because it imposed an exhaustion requirement upon Mr. Holloway that he present all of his arguments below. We believe that, consistent with the plurality decision of the Supreme Court in Sims, that he was entitled to the benefit of the rule of law adopted by the plurality in Sims and not be bound by what the Veterans Court relied upon in this court's decision from Magé, which basically suggests that the Sims plurality decision implicitly overruled that portion of this court's decision in Magé,  We read the plurality decision in Sims to be a decision that does not render it as a question of discretion, but more a question of being obligated to follow the rule applied in Sims. This court, as yet, has not extended the rule in Sims, which applied in a Social Security context, to the Veterans context. And when you say the rule in Sims, I know you've referred several times to the plurality, but what the plurality said is obviously not the precedential rule because it was only a plurality and the fifth vote was applied on a much, much narrower ground, which you're not pressing. So mayhaps I have not phrased it well, but that this court should adopt the view of the plurality and apply that rule as... Even if we were to look at that question, aren't the regulations at issue here about what you have to present to the board pretty dramatically different from the regulations, if you can call them that, really this form with a two-inch box in the appeals counsel context of Sims, where it was pretty darn unreasonable to expect anybody to think that they had, having raised an issue before the ALJ, had to specify that issue in their little appeal form to the appeals counsel. There are two responses to that. First is that under 20.202, we believe that that is the comparable regulation to the Social Security regulation referred to by Justice O'Connor in her concurring opinion to the regulation that she found was inadequate. And that regulation is only suggestive. It simply says that the substantive appeal should set out the specific arguments. There is nothing mandatory in that regulation. There is no mandatory requirement in any VA regulation that the veteran must set out all of his or her arguments. And more importantly, there is a provision for the board, if they are uncertain, to make inquiry of the appellant as to the nature of their arguments. So again, in the nature of this type of adjudicatory process, we should be looking to apply the rule as articulated in Sims because it does prevent the type of imposition of an exhaustion requirement as we have here. You're into your rebuttal time. I'd like to preserve the balance. Thank you. Mr. Carpenter, I'm going to restore you back to your five minutes rebuttal time. Thank you. Mr. Magner. Thank you, Your Honor. And I'll give you an additional two minutes if you need it. It's okay. May it please the Court. Having urged and been granted benefits pursuant to Diagnostic Code 8520, on appeal to the Veterans Court, Mr. Holloway contended that the board failed to provide an adequate statement of reasons or basis for its determination that he was entitled to benefits under Diagnostic Code 8520. The Veterans Court properly rejected this argument. The Veterans Court decision contains two basic holdings, neither of which are in error and neither of which this court possesses jurisdiction to entertain. First, in response to the claimant's contention that the board's decision did not contain an adequate statement of reasons or basis for its determination to rate Mr. Holloway's disability pursuant to Diagnostic Code 8520, so the Veterans Court held that the board was not required to address this argument. And second, the Veterans Court declined to exercise its discretion to otherwise consider Mr. Holloway's arguments presented in the first instance. As this court has held in Robinson v. Pszczecki, the board must liberally construe a veteran's pleading under direct appeal whether the veteran is represented by counsel or not. But the board is not obligated to consider all possible substantive theories of recovery. In this particular case, the Veterans Court properly held that the board had considered the theories of recovery before it and was not obligated to create other theories of recovery that were directly contrary to what the veteran had urged. I think there's a... Doesn't a veteran have some right to have counsel make an informed decision as to the theory of which they wish to pursue? Yes, I mean, and this court has previously noted that that's an important role that counsel may play. I mean, again, the court has held it's irrelevant in reading the pleadings whether or not you're represented by counsel. And had the Veterans Court done that, that would be contrary to this court's error. But it doesn't mean that counsel's irrelevant to the process. In particular, the court did hold that counsel's representation was relevant to its exercise of discretion. And that's wholly appropriate. I mean, if we think about the situation being reversed. We have a veteran. He's appeared before the board and the RO completely pro se, wholly unrepresented. The veteran may suffer from psychological or physical symptoms which might affect his ability to present his arguments before the board. He may not have presented an argument in the first instance, but the question comes, as a matter of discretion, should the Veterans Court simply hold that argument waived? And it is appropriate in that case. It would be unquestionably appropriate in that case for them to say, well, you were pro se, you were unrepresented by counsel in light of all other circumstances. We wouldn't have expected you to present that argument. So, at least for the exercise of its discretion, it's relevant whether or not you're represented by counsel. On the other hand, of course, you still liberally construed pleadings. And that's born directly of the VA's own regulations, 2.20. One other point I wanted to clarify, because I don't believe it's clear in the brief, it becomes more of an issue in the veterans' actual reply brief, but for the sake of this court, I felt it needed to be clarified. The government doesn't take the position, and the Veterans Court didn't take the position that this was rating by analogy. There's no actual ruling that this was a rating by analogy. There's no actual ruling on whether or not there's a rating by analogy. The closest it comes in the factual section, the Veterans Court says this is a rating under Diagnostic Code 8520. But to call this rating by analogy would be contrary to 4.7a and 4.124, which provides that you provide the rating based upon the nerve involved. And you provide the code number under the Diagnostics Code for the nerve involved. So just for the sake of clarification, the government doesn't contend that this is a question of rating by analogy. It's true that before the Veterans Court, the veteran had urged that this is ratings by analogy, but the government disagreed and continues to disagree that this is a case of rating by analogy. It's simply applying the appropriate Diagnostic Code 8520 for an implication of the sciatic nerve, as found by his examinations at pages 46-47 and 90-91 of the record. So let's suppose that the status of the veteran is such that he's not able to lend effective assistance to his counsel, and his counsel totally misses the boat and fails to raise a very clear-cut, applicable legal argument. And let's say it has to do with the applicability of a code, and they're still sitting arguing the size of the award, when really it's obvious to, or it should be obvious to everyone, that it should be proceeding on a different code. Well, I mean, if it's implicit in the evidence of the record, I mean, that's where we come closer to something like Comer, where you have a situation where the failure to deal with, I believe, Comer was total disability based on unspecified... So there's no waiver if it's implicit in the record? If it's otherwise implicit, that comes under, respectively, a liberal reading of the arguments. If it's somehow contained in there, I mean, it's not the situation here where you're urging the exact opposite Diagnostic Code. Let me say, do you concede that there's an obligation to liberally construe the arguments or interpret the arguments? There's an obligation to liberally construe the pleadings and, yes, the arguments that are made. Yes, we would agree with that. But that obligation, liberal construction, does not extend to, as in this case, the exact opposite of what a petitioner raised. Again, if there's something else implicit in the record, clearly implicit in the record, then yes. But that's a different situation. That's not the facts of this case. But I return again. At some point, at least counsel has some sort of right to exclude by not raising. They may not want to raise a Diagnostic Code. Yeah, I mean, recently the Court has held, in some of its cases, that, yes, counsel do make informed choices and that those choices are relevant. Even in Parks, we note that the failure to raise an argument can be fatal. This Court noted the failure to raise an argument can be fatal to ultimately having that issue being considered in the first instance by the Veterans Court. But it can also be a wise choice. Yes. Yes, I mean, there are choices that are made in this process. And the veteran does have other remedies. You know, I mean, in certain cases, you know, an argument not raised may give rise to, there may be something that gives rise to clear and unmistakable error. There may be something in a particular case where the veteran may go back, you know, as his condition changes, and go back to the VA and say, well, okay, I was rated on this Diagnostic Code based upon more recent medical exams. This is really my condition. And the VA would then consider the decision, you know, whether another Diagnostic Code would be appropriate. When the VA said you had your chance to argue this and you felt to do that? Oh, no, I mean, you could always go before them again saying you've had a changed condition. It's just you wouldn't get the effective date that goes all the way back to the initial decision granting you benefits. So it does affect your effectiveness. I'm having a hard time understanding why the existence of counsel makes a difference in this liberal interpretation of the legal arguments. Well, I mean, the reason why counsel can make a difference.  Why should it make a difference? Why should the existence of counsel make a difference? If the rule is that the board is supposed to give a liberal interpretation with respect to legal arguments, for example, so if that's the case, then why should having a lawyer make any difference? Well, I mean... What if the lawyer has had a bad day or is himself incompetent? I mean, the regulations do require and put some onus upon the veteran to raise arguments and the like. It's not simply a system that says, you know, come in and we'll try to do our best and just simply no matter what you've said and what arguments have been raised, we'll simply ignore all of that and we'll just look at the record and all the evidence. Without any sort of guidance, they try to liberally, they try to, it's a non-adversarial system, but at the same time, I mean, there are choices that a veteran or his counsel may choose to make and those choices can have an effect even with the liberal construction of the record. And in this case, you know, if the board had any failing, it was, you know, and I don't believe it actually did, but it was actually listening to the arguments that were urged by the veteran and that's not an error. That is, you know, something that the Veterans Court probably rejected. Any other questions? Okay, I think we understand your case. Thank you. To these reasons and the reasons set forth in our brief, we respectfully request that the Court affirm the decision of the Veterans Court. Thank you, Your Honor. Thank you, counsel. Attorney Carpenter. Mr. Carpenter, there are courts, the court where I used to sit, where in some instances, the court is always required to reach the correct result no matter what counsel argued. Are you arguing for that kind of standard? I believe that is the standard under 7104 when the board reviews de novo the decision of the secretary. I believe that is absolutely the standard and that the whole question of whether counsel did or didn't present an argument is not part of the equation. There is an affirmative obligation on the board to consider and apply all applicable or potentially applicable provisions of law and regulation. So why have counsel at all? Well, for decades, Your Honor, that was the judgment of the Congress that there would not be counsel. And in 1988, they changed that view. And I will say to you in all candor, it has been quite an educational process for lawyers coming into this system because this is a very complicated area and this case is a perfect example of the nuance of looking at what the agency did in the first instance. And for my colleague to suggest that there was never a question about this being an analogous rating is just simply inconsistent with the record. My client was service-connected for a herniated disc. There is no diagnostic code for a herniated disc. He has very specific symptoms of radiculopathy in his lower extremities. That's where his disability comes from. That's what is supposed to be evaluated. And unfortunately, counsel below focused only on the diagnostic code that was supplied by the VA. And that is, I suppose, both a natural thing to do, but it is simply not the legally, I don't want to say correct thing to do, but the total view of the matter. Because the Veterans Court has held early in its case law, in a case called A.B. v. Derwinski, that the VA must presume that a veteran seeks the maximum rating available under law. And the maximum rating available under law is dependent upon the assignment of the diagnostic code. And all we ask for in this appeal is for the lower court to be ordered to look at our assertions. They did not look at our assertions. They simply said, represented by counsel below, we are not going to consider this because it wasn't presented below. And that simply is not the rule under Robinson and is not the correct way to address these claims. Can I just ask you, tell me if I'm wrong about this. I can see that, I guess, at least your opening brief didn't rely on 7104. I don't know whether your reply brief... No, I was simply responding to the question posed about the... And in Robinson, the regulation, I guess it's 20.202, doesn't it say specifically that the board may dismiss an appeal in which the claimant has not identified issues? It does. So how could that be consistent with a regime under which, as I think you just said, the board is independently obliged to reach the correct result on the record set up to it, regardless of what the claimant says? But they may dismiss it, but before they dismiss it, they must solicit inquiry from the veteran to understand the issue that's being presented. There's no question in this case that the board understood the issue. The issue was, what's the appropriate rating? How should he be compensated for his disability? And you think that it's within the... wherever this line is between liberally construing what's being argued and not having to scour the record to think of things yourself, that you're on the favorable-to-you side of that line, even though you affirmatively urged use of the particular diagnostic code. Yes, Your Honor, because as I was just talking with Judge Wallach about, in this system, it is about presuming that the veteran seeks the maximum rating available. And you get the maximum rating dependent upon which diagnostic code is utilized to evaluate the condition. And the diagnostic code that was used did not evaluate the specific symptomatology that results from his radiculopathy. And more importantly, that diagnostic code selected is a diagnostic code that is predicated upon the residuals of a disease. This condition, this disability, resulted from the residuals of an injury, which is consistent with the diagnostic code that we believe that the board should have at least considered because it offered a greater rating opportunity. Okay, Mr. Governor, I think we have your case. Cases will now be taken under advisement.